UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DESMOND PHIPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO.  3:11-cv-147-GPM-DGW |
| | ) | |
| SEAN D. ADAMS, | ) | |
| DAVID HEINE, | ) | |
| JOHN DOE, | ) | |
| KEITH BOWERS, | ) | |
| OTHER VILLAGE OF CAHOKIA | ) | |
| POLICE OFFICERS, The Identify and | ) | |
| Number of Whom is Presently Unknown | ) | |
| to the Plaintiff, and | ) | |
| THE VILLAGE OF CAHOKIA, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

In Support of this Complaint the Plaintiff alleges:

ALLEGATIONS COMMMON TO ALL COUNTS

1. Plaintiff, DESMOND PHIPPS, is a citizen of the United States of America and a resident of St. Clair County, Illinois.

2. For all relevant times Defendant SEAN D. ADAMS was a police officer of the City of CAHOKIA, County of St. Clair, a municipal corporation and governmental subdivision of the State of Illinois; defendants are/was a resident of such city and county.  It is further believed that Defendant ADAMS is currently a resident of St. Clair County, Illinois.

3. For all relevant times Defendant TODD HEINE was a police officer of the City of CAHOKIA, County of St. Clair, a municipal corporation and governmental

1

subdivision of the State of Illinois; defendants are/was a resident of such city and county.  It is further believed that Defendant HEINE is currently a resident of St. Clair County, Illinois.

4. For all relevant times Defendant KEITH BOWERS was a police officer of the City of CAHOKIA, County of St. Clair, a municipal corporation and governmental subdivision of the State of Illinois; defendants are/was a resident of such city and county.  It is further believed that Defendant BOWERS is currently a resident of St. Clair County, Illinois.

5. Defendant CITY OF CAHOKIA is a municipal corporation and governmental subdivision of the State of Illinois.  Defendant CITY OF CAHOKIA is located within St. Clair County, Illinois.

6. Each of the acts of Defendant ADAMS alleged in this complaint was done by the defendant under the color and pretense of the statutes, ordinances, regulations, customs, and usage of  the State of Illinois, the City of CAHOKIA, and the County of St. Clair, and under the authority of their office as police officer, and police department, for such city and county.

7. Each of the acts of Defendant HEINE alleged in this complaint was done by the defendant under the color and pretense of the statutes, ordinances, regulations, customs, and usage of  the State of Illinois, the City of CAHOKIA, and the County of St. Clair, and under the authority of their office as police officer, and police department, for such city and county.

8. Each of the acts of Defendant BOWERS alleged in this complaint was done by the defendant under the color and pretense of the statutes, ordinances, regulations,

customs, and usage of the State of Illinois, the City of CAHOKIA, and the County of St. Clair, and under the authority of their office as police officer, and police department, for such city and county.

4.    This action arises under the United States Constitution, particularly under the Provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States (Art. IV, U.S. Constitution, Art, VI U.S. Constitution, Art. XIV, U.S. Constitution), and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983 (42 U.S.C.A. § 1983).

5.    This Court has jurisdiction of this cause under Title 28 of the United States Code, § 1343 (28 U.S.C.A. § 1343).

6.    Each of the acts of Defendant ADAMS, HEINE, BOWERS, DOE, and other officers whose identity is currently unknown alleged in this complaint was done by the defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usage of the State of Illinois, the City of Cahokia and under the authority of their offices as police officers, and police departments, for such city.

9.    On or about September 11, 2009, at approximately 12:35 a..m., Plaintiff was lawfully present on the property located at 15 St. Lambert Drive, Cahokia, St. Clair County, Illinois. Plaintiff was present in the house with two minor children. No other adults were present at that time.

10.    At no time was the Plaintiff committing any crime nor violating any statutes. At no time did the Plaintiff's conduct rise to anything criminal or violent towards either Defendant ADAMS, HEINE, BOWERS or any of the other persons

3

present.

11.     Despite not violating the law in any manner Defendants ADAMS, HEINE,

BOWERS, and others entered into the residence where the Plaintiff was lawfully

present.

12.     None of the Defendant officers had any previous contact with the Plaintiff and

could not identify him as DESMOND PHIPPS prior to arresting him.

13.     After entering the residence Defendants ADAMS, HEINE, BOWERS, and other

law enforcement officers physically restrained the Plaintiff and placed him in

handcuffs.  He was then hit in the mouth repeatedly with the butt of a police

issued pistol.  The repeated striking in his mouth caused his teeth to break out of

his mouth and fall onto the floor of the kitchen.

14.     The Plaintiff was then dragged outside the house by Defendants ADAMS,

HEINE, and BOWERS and was kicked and punched by the officers.  He was also

dragged by his feet while handcuffed and face down in the yard.

15.     The Defendant officers made racial and derogatory statements to the Plaintiff

while battering him.  Specifically they repeatedly called him a N*****.

16.     The Plaintiff was charged with the criminal offense of Resisting Arrest in

violation of 720 ILCS 5/31-1(a).  The allegations contained in the criminal

information state that the Plaintiff "knowingly resisted the performance of Sean

Adams of an authorized act within his official capacity, being the arrest of

Desmond Phipps, knowing Sean Adams to be a peace officer engaged in the

execution of his official duties, in that he refused to be handcuffed and pushed

Sean Adams."

17.   The criminal charge as presented to the St. Clair County States' Attorney's Office

for prosecution was fabricated by the individual Defendants as police officers of

Defendant VILLAGE OF CAHOKIA.  Specifically Lt. Dennis Plew presented the

fabricated facts to the St. Clair County State's Attorney who in relying on said

fabricated facts issued the misdemeanor complaint against the Plaintiff.  A copy

of the Misdemeanor Information is attached hereto and labeled Plaintiff's Exhibit

18.   The charge against the Plaintiff was tried and the Court issued an Order finding

the Plaintiff not guilty on October 14, 2010.

### COUNT I – CIVIL RIGHTS VIOLATION – FALSE ARREST
42 U.S.C. 1983 Versus Defendants ADAMS, HEINE, BOWERS, DOE and Other
Village of Cahokia Police Officers

In support of this Count of his Complaint the Plaintiff restates and realleges paragraphs 1

through 18 as previously stated.

19.   Defendants ADAMS, HEINE, BOWERS, DOE and Other Village of Cahokia

Police Department Officers unlawfully arrested the Plaintiff on the

aforementioned date for the offense of Resisting Arrest.

20.   At the time the arrest was conducted there existed no probable cause to believe

that the Plaintiff had committed a crime.

21.   At all times relevant Defendants ADAMS, HEINE, BOWERS, DOE, and Other

Village of Cahokia Police Department Officers were acting under color of law as

they were engaged in their position of employment by the Village of Cahokia as

police officers.

22.     As a proximate cause of such acts, the Plaintiff suffered great bodily harm, emotional damages, and was forced to secure legal counsel to defend him on the charge of Resisting a Police Officer.

**COUNT II – CIVIL RIGHTS VIOLATION – EXCESSIVE FORCE**
42 U.S.C. 1983 Versus Defendants ADAMS, HEINE, BOWERS, DOE and Other
Village of Cahokia Police Officers

In support of this Count of his Complaint the Plaintiff restates and realleges paragraphs 1 through 18 as previously stated.

23.     During the aforementioned arrest of Plaintiff Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers used excessive force on the Plaintiff.

24.     As a proximate cause of the excessive force used upon Plaintiff by Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers the Plaintiff suffered harm to his body in that his teeth were beaten from his head via use of a police issued handgun.

25.     Plaintiff further suffered emotional damages as a proximate result of the excessive force administered to him.

26.     At all times relevant Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers were acting under color of law as they were engaged in their position of employment by the Village of Cahokia as police officers.

**COUNT III – MALICIOUS PROSECUTION - Pendant State Claim**
Versus Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia
Police Department Officers

In support of this Count of his Complaint the Plaintiff restates and realleges paragraphs 1 through 18 as previously stated.

27.   Defendants ADAMS, HEINE, and BOWERS fabricated the facts to support the Misdemeanor Information against the Plaintiff to "cover" their actions wherein they physically beat the Plaintiff.

28.   Defendant ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers accordingly acted with malice.

29.   By reason of the illegal arrest of the plaintiff he was required to and did employ legal counsel to defend him on the above-referenced charge.

30.   As a result of Defendants' actions the Plaintiff suffered mental, anguish to his person.

31.   As a result of Defendant ADAMS'S actions the Plaintiff suffered further injuries since he was forced to retain counsel to defend him on the Resisting a Peace Officer charge, take time off from his schedule to attend court multiple times, and had to be fingerprinted and processed as a defendant in the CAHOKIA Police Department.

COUNT IV-MALICIOUS PROSECUTION-Pendant State Claim
Via Respondeat Superior Versus Defendant CITY OF CAHOKIA

In support of Count III of this Complaint, the Plaintiff restates and realleges Paragraphs 1 through 12 as stated in Count I of this Complaint.

32.   At all times relevant Defendant ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers were employed as police officers for Defendant CITY OF CAHOKIA.

33.     At all times relevant Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers actions were those also of Defendant CITY OF CAHOKIA due to the employer-employee relationship in existence between the defendants.

34.     All acts by Defendant ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers were performed within the scope of their employment as a police officer with Defendant CITY OF CAHOKIA.

35.     The actions alleged in paragraphs 1 through 9 resulted in the arrest and charge of Resisting a Peace Officer by Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers against the Plaintiff without any probable cause whatsoever.

36.     All aforementioned actions were committed with malice towards the Plaintiff.

37.     After the filing of the charges against Plaintiff, Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers had ample opportunity to cause the State to dismiss charges against the Plaintiff.

38.     As a result of Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers actions the Plaintiff suffered mental, anguish to his person.

39.     As a result of Defendant ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia Police Department Officers actions the Plaintiff suffered further injuries since he was forced to retain counsel to defend him on the Resisting a Peace Officer charge, take time off from his schedule to attend court multiple

times, and had to be fingerprinted and processed as a defendant in the CAHOKIA

Police Department.

40.     The Plaintiff has incurred attorney's fees in the prosecution of this claim and is

entitled to reparation for said fees pursuant to 42 U.S.C.A. Section 1988.

WHEREFORE, Plaintiff requests judgment for general, special and punitive damages

against Defendants ADAMS, HEINE, BOWERS, DOE, and Other Village of Cahokia

Police Department Officers, in a sum that to this court may deem just and reasonable in

the premises, for costs of suit and attorney's fees, and for such other relief as to the court

may deem just and equitable.  Plaintiff requests judgment for general, special, and costs

against Defendant VILLAGE OF CAHOKIA in a sum that to this court may deem just

and reasonable in the premises, for costs of suit and attorney's fees, and for such other

relief as to the court may deem just and equitable.


Respectfully submitted,
Polinske & Associates, P.C.,


_/s/  Brian L. Polinske_____
Attorney for Plaintiff



Brian L. Polinske
701 North Main St.
Edwardsville, IL 62025
(618) 692-6520
06211450