IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DESMOND PHIPPS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-147-GPM |
| | ) |
| **SEAN D. ADAMS, DAVID HEINE, JOHN DOE, KEITH BOWERS, OTHER VILLAGE OF CAHOKIA POLICE OFFICERS, the Identity and Number of Whom Is Presently Unknown to the Plaintiff, and THE VILLAGE OF CAHOKIA,** | ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Defendants move to dismiss three of four claims raised in Plaintiff Desmond Phipps's complaint. Mr. Phipps's claim arises from his arrest by Village of Cahokia police officers on September 11, 2009. Mr. Phipps alleges that Defendants, officers with the Village of Cahokia Police Department, entered his apartment and detained him without probable cause, physically and verbally abused him, and fabricated a story to cover their actions and to have criminal charges brought against him. Mr. Phipps filed this suit on February 25, 2011 alleging that his arrest and prosecution deprived him of his Fourth, Sixth, and Fourteenth Amendments under the U.S. Constitution and violated Illinois state law. Currently before the Court is Defendants' 12(b)(6) motion to dismiss three of Mr. Phipp's four claims. For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss.

## BACKGROUND

Mr. Phipps contends that he was lawfully inside his apartment at 15 Lambert Drive in Cahokia on September 11, 2009 when Defendant officers entered at approximately 12:30 a.m. Defendants were unable to identify Mr. Phipps when they entered the apartment. Nevertheless, Mr. Phipps claims, they placed him in handcuffs and struck him in the mouth with a police-issued pistol. Defendants then dragged Mr. Phipps outside his apartment by his feet, face-down and handcuffed, to a patrol car and took him into custody. In addition to physical abuse, Mr. Phipps claims he was the subject of verbal harassment.

Mr. Phipps was charged with resisting arrest in violation of 720 ILCS 5/31-1(a). He claims that Defendants fabricated the details of the arrest to "cover" their abuse during his arrest and to support the criminal charge. On August 4, 2010, Mr. Phipps was convicted of resisting arrest. Yet, less than ten weeks later, on October 14, 2010, his conviction was vacated after the trial court granted Mr. Phipps's motion to reconsider. (Doc. 20, Ex. 4, 11-147-GPM).

On February 25, 2011, Mr. Phipps filed a complaint raising four federal and state claims: Count I: a 42 U.S.C. § 1983 claim against the officers for false arrest; Count II: a § 1983 claim against the officers for excessive use of force; Count III: an Illinois state law claim against the officers for malicious prosecution; and Count IV: an Illinois state law claim seeking to hold the Village of Cahokia vicariously liable for malicious prosecution. Defendants now seek to dismiss Claims I, III, and IV for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 18).

In their motion to dismiss, Defendants referred to, and attached as an exhibit, a warrant purportedly issued for Mr. Phipps's arrest. As a result, this Court construed the motion to dismiss

as a motion for summary judgment. (Doc. 21). On February 3, 2012, Defendants sought to withdraw the warrant and to have the motion reconstrued, as originally captioned, as a motion to dismiss. As a result, currently before the Court is Defendants' motion, which, when stripped of the arrest warrant and any argument made in reliance, is properly styled as a motion to dismiss Claims I, III, and IV under Rule 12(b)(6).

## STANDARD OF REVIEW

In a complaint, the plaintiff must provide the defendants with "fair notice" of his claims and the basis for them. *Indep. Trust Corp. v. Stewart Info. Servs. Co.*, 665 F.3d 930, 934 (7th Cir. 2012) (citations omitted). In addition, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must state a claim for relief "that is plausible on its face." *Id. quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 934-35. While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The allegations need not be likely; rather, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted).

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "must construe all of the plaintiff's factual allegations as true, and must draw all reasonable inferences in the plaintiff's favor." *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "However, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this

presumption." *Id*.

## ANALYSIS

**Plaintiff's Claim I: False Arrest**

Mr. Phipps alleges that Defendants did not have probable cause when they detained and took him into custody. For the § 1983 false arrest claim to survive a motion to dismiss, Mr. Phipps must allege that he was arrested without probable cause. *See Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009). Defendants correctly note that the existence of probable cause is an absolute defense to a § 1983 false arrest claim. *See id*; *see also Sow v. Fortville Police Dept.*, 636 F.3d 293 (7th Cir. 2011) *quoting McBride v. Grice*, 576 F.3d 703, 707 (7th Cir. 2009). If Defendants had probable cause to arrest Mr. Phipps for any offense, and not just the one identified in later charging documents, there is no Fourth Amendment false arrest violation. *See Sroga v. Weiglen,* 649 F.3d 604, 608 (7th Cir. 2011).

Mr. Phipps's complaint adequately pleads a plausible false arrest claim. Mr. Phipps contends that he was lawfully in his apartment when Defendants entered. Although Defendants could not initially identify him, Mr. Phipps was allegedly placed in handcuffs and dragged out of his apartment and taken into custody. Defendants dispute this characterization, asserting (without more) that they did in fact have probable cause to arrest Mr. Phipps. Such factual disputes cannot be resolved on a motion to dismiss.

Defendants also claim a defense of qualified immunity in their motion to dismiss. Qualified immunity protects "officers who make a reasonable error in determining whether there is probable cause to arrest an individual." *Gonzalez*, 578 F.3d at 540. The purpose of qualified immunity is to

"shield[] public officials from liability when they act in a manner that they reasonably believe to be lawful." *Id*. The Supreme Court has identified two key inquiries for the qualified immunity analysis: "(1) whether the facts, taken in the light most favorable to the plaintiffs, show that the defendants violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation." *Id. citing Pearson v. Callahan*, 555 U.S. 223 (2009); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The burden is on Mr. Phipps to show that the allegedly violated constitutional right was clearly established at the time of his arrest. *Purtell v. Mason*, 527 F.3d 615, 621 (7th Cir.2008).

In this case, as in *Gonzalez*, Mr. Phipps asserts that his arrest violated his constitutional rights. Constitutional protection against unlawful arrest is a long established right. *Gonzalez*, 578 F.3d at 541. And, as established above, Mr. Phipps plausibly claims that he was arrested without probable cause. *See id*. at 540 ("[T]he Fourth Amendment is violated by a full-blown arrest that is not supported by probable cause."). Of course, Defendants dispute this allegation and assert that they did in fact have probable cause. But "[w]hen the qualified immunity inquiry cannot be disentangled from disputed facts, the issue cannot be resolved without a trial." *Id. citing Clash v. Beatty*, 77 F.3d 1045, 1048 (7th Cir.1996). Therefore, Defendants are not entitled to qualified immunity protection at this time.

As a result, to the extent that Mr. Phipps's claim alleges violations of his Fourth Amendment rights, Defendants' motion to dismiss Claim I is **DENIED**. However, because Mr. Phipps has failed to set forth a plausible claim that his Sixth Amendment rights have been violated, as Mr. Phipps admits in his response to Defendants' motion to dismiss, Defendants' motion to dismiss Mr. Phipps's claimed violations of his Sixth Amendment rights is **GRANTED**.

**Plaintiff's Claim III: Malicious Prosecution**

Defendants also move to dismiss Mr. Phipps's third claim, that of malicious prosecution under Illinois law. Mr. Phipps claims that Defendants fabricated the facts surrounding his arrest to cover their actions and to support a misdemeanor charge of resisting arrest. In Illinois, the elements for the tort of malicious prosecution are the: 1) commencement of criminal proceedings by the defendants; 2) termination of that matter in favor of the plaintiffs; 3) absence of probable cause for the proceedings; 4) presence of malice; and 5) resulting damages. *Gonzalez*, 578 F.3d at 541 *citing Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). Liability for malicious prosecution extends not only to the person who signed the criminal complaint but also "to all persons who played a significant role in causing the prosecution of the plaintiff, provided all of the elements of the tort are present." *Rodgers v. Peoples Gas, Light & Coke, Co.*, 733 N.E.2d 835, 842 (Ill. App. 2000). However, the absence of a single element is fatal to a claim of malicious prosecution. *See Holland v. City of Chicago,* 643 F.3d 248, 254 (7th Cir. 2011).

Mr. Phipps claims that Defendants had a hand in causing the prosecution by fabricating allegations that were presented to the St. Clair County prosecutor's office in an attempt to "cover" for their abuse of Mr. Phipps during the arrest. (Doc. 2 at 27). It is undisputed that criminal charges were brought against Mr. Phipps and that he was ultimately adjudicated not guilty. Mr. Phipps contends that Defendants lacked probable cause to make the allegations to St. Clair County prosecutors, that Defendants acted with malice in doing so, and that he suffered physical, mental, and pecuniary harm as a result.

Mr. Phipps's complaint sufficiently outlines a claim for malicious prosecution. Under Illinois

law, in the context of a malicious prosecution claim, probable cause is defined as "a state of facts that would lead a person of ordinary caution and prudence to believe, or entertain an honest and strong suspicion, that the person arrested committed the offense charged." *Swearnigen-El v. Cook County Sheriff's Dept.,* 602 F.3d 852, 863 (7th Cir. 2010) *quoting Ross v. Mauro Chevrolet*, 861 N.E.2d 313, 319 (Ill. App. 2006). If, as alleged, Defendants fabricated a story to support criminal charges, they would certainly have lacked an honest suspicion that Mr. Phipps committed the offense that was alleged. In addition, "an inference of malice [can] be drawn from an absence of probable cause." *Aleman v. Village of Hanover Park*, 662 F.3d 897, 907 (7th Cir. 2011) *citing Rodgers*, 733 N.E.2d at 842; *Mack v. First Security Bank*, 511 N.E.2d 714, 717 (Ill. 1987). Mr. Phipps also argues that malice can be found in Defendants' alleged physical and verbal abuse during the arrest. Construing the allegations in a light most favorable to Mr. Phipps, he presents a plausible claim for malicious prosecution.

Defendants argue that § 2-202 of the Illinois Tort Immunity Act shelters them from claims of malicious prosecution. Section 2-202 provides that "a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Willful and wanton conduct is defined as "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210. Defendants correctly note that the existence of probable cause can negate allegations of willful or wanton conduct in malicious prosecution claims. *See Holland*, 643 F.3d at 255. However, whether Defendants had probable cause to arrest and to forward criminal charges against Mr. Phipps is a principle factual dispute in this case. In addition, Mr. Phipps alleges

that Defendants intentionally misled prosecutors by fabricating a story to "cover" for alleged abuses during the arrest. Whether these events took place, and whether they amount to willful or wanton conduct, is a question of fact that cannot be resolved on a motion to dismiss. *See Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (noting that determining whether one's actions amount to wanton or willful conduct is a question of fact). Therefore, Defendants' motion to dismiss Claim III is **DENIED**.

**Plaintiff's Claim IV: Malicious Prosecution against the Village of Cahokia**

Mr. Phipps seeks to hold the Village of Cahokia vicariously liable via *respondeat superior* for Defendants' alleged malicious prosecution. Under Illinois common law, employers can be held liable for an employee's misconduct if the misconduct occurs during the course of employment and within the scope of the employee's authority. *See Duran v. Town of Cicero*, 653 N.E.2d 632, 639 (Ill. 2011) *citing Adames v. Sheahan*, 909 N.E.2d 742, 754 (Ill. 2009). Mr. Phipps claims that Defendant officers were employees of the Village of Cahokia and were acting within the scope of their employment as police officers when they fabricated a story to support criminal charges against him. Defendants respond with two defenses. First, that the United States Supreme Court in *Monell v. New York City* "categorically ruled out this kind of vicarious liability." (Doc. 18 at 10) *citing Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (concluding that a "municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). Second, that claims against the Village, premised on the officers' liability, are moot because the officers are not liable for malicious prosecution as they are protected by the Illinois Tort Immunity Act.

Both defenses fail. First, Defendants miss the target regarding *Monell*. Mr. Phipps seeks to hold the Village vicariously liable for Defendants' alleged violations of state law and not for the

alleged constitutional violations that form the basis of the § 1983 claim. As a result, *Monell* is not on point. However, Defendants are correct that a principal's liability via *respondeat superior* is derivative. *See* 745 ILCS 10/2-109 ("A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable."). This isn't much help to Defendants at present, however. Because Mr. Phipps's malicious prosecution claim against Defendant officers will survive the motion to dismiss, and because he has sufficiently plead a claim that the officers were employed by the Village of Cahokia and were acting within the course and scope of their employment, Defendants' motion to dismiss Claim IV is **DENIED**.

## CONCLUSION

Defendants' motion to dismiss Claim I is **GRANTED IN PART** and **DENIED IN PART**. To the extent that Mr. Phipps's § 1983 claim relies on violations of his Sixth Amendment rights, Defendants' motion to dismiss is **GRANTED**. However, Defendants' motion to dismiss Mr. Phipps's § 1983 claim is denied insofar as it alleges a violation of his Fourth Amendment rights. Likewise, for the reasons stated above, Defendants' motion to dismiss as to Claims III and IV is **DENIED**.

**IT IS SO ORDERED.**

DATED: March 2, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge