IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DESMOND PHIPPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-147-GPM-DGW |
| | ) | |
| SEAN D. ADAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court are Defendants' Motion to Quash Deposition Notice (Doc. 31), and Plaintiff's First Motion for Extension of Time to Complete Discovery (Doc. 36) and First Motion to Quash Deposition (Doc. 39). For the reasons stated below, Defendants' Motion to Quash Deposition Notice (Doc. 31) is **GRANTED.** Plaintiff's First Motion for Extension of Time to Complete Discovery (Doc. 36) is **DENIED**. Plaintiff's First Motion to Quash Deposition (Doc. 39) is **GRANTED**. Defendants are **GRANTED LEAVE** to reissue a trial subpoena to Vonage America, Inc.

**BACKGROUND**

On February 25, 2011, Plaintiff filed a complaint in this 42 U.S.C. § 1983 civil rights action against the Village of Cahokia, Illinois, and various police officers of that village, for unconstitutional use of excessive force. Plaintiff claims specifically that police struck him in the mouth, causing extensive damage.[1]

---

[1] Plaintiff claims as much as $70,000.00 damage to his mouth.

On January 10, 2012, this Court issued an Amended Scheduling Order (Doc. 24), which established the discovery cutoff date as May 1, 2012.

Plaintiff has previously identified Dr. Robert Willis, a prosthodontist,[2] as a witness who would testify to the extent and monetary value of plaintiff's injuries. On March 9, 2012, Defendant took Dr. Willis's deposition. On March 23, 2012, Plaintiff took Dr. Willis's deposition for use at trial in lieu of his live testimony.[3] The gist of Dr. Willis' testimony reveals that he met with Plaintiff on only one occasion, in August 2011, for a preliminary consultation. Dr. Willis never received Plaintiff's medical or dental history. Dr. Willis never treated or developed a treatment plan for Plaintiff. Moreover, Dr. Willis testified that his preliminary examination did not reveal any evidence of the trauma of which Plaintiff complains in this lawsuit.

After the March 23, 2012, deposition, Plaintiff indicated that he intended to return to Dr. Willis for a full examination.[4] At this time, Plaintiff indicated that he wanted to take a third deposition of Dr. Willis. On April 25, 2012, Plaintiff's attorney contacted Defendants to schedule a third deposition of Dr. Willis, indicating that it would occur after the discovery cutoff date, which was May 1, 2012.

## MOTION TO QUASH DEPOSITION NOTICE (DOC. 31)

Defendants' filed a motion to quash deposition notice on May 25, 2012, making several complaints. First, defendants complain that the deposition notice is untimely because it notices

---

[2] A dentist who specializes in prosthetic teeth or dental implants.

[3] The parties reference "discovery" and "evidence" depositions. Federal Rule of Evidence 30 does not distinguish or characterize a deposition according to its aim.

[4] Plaintiff's counsel indicated to defense counsel that he would pay the $1,000.00 fee that Dr. Willis charged for this examination.

2

up a deposition after the date set by the Court for the close of discovery. Second, defendants complain that the deposition notice should be quashed because Dr. Willis is a retained expert who was never disclosed and never submitted a report as required by the Fed. R. Civ. P. 26. Plaintiff responds that Dr. Willis was disclosed as a witness in Plaintiff's First Amended Responses produced January 10, 2012. Plaintiff further argues that Dr. Willis submitted his report to defendants at the March 23, 2012, deposition in the form of a 3D CAT scan generated from his computer, which were the only records Dr. Willis had at the time. Counsel for Plaintiff maintains that he contacted Defendants on April 25, 2012, before the discovery cutoff, to schedule the third deposition of Dr. Willis, but Defendants would not agree to extend the discovery deadline beyond May 1, 2012, in order to complete the deposition.

As to the issue of untimeliness, the Court agrees with Defendants that Plaintiff waited in this case until the eleventh hour before the close of discovery to determine that it needed another deposition of Dr. Willis after he conducted an additional examination of Plaintiff. The Court is not persuaded that it took Plaintiff approximately fifteen months to determine that a comprehensive dental exam was necessary to establish the nature and extent of his damages. It is true that Plaintiff attempted to set up a deposition of Dr. Willis prior to May 1, 2012, but, by his own admission, the deposition could not be completed prior to the discovery cutoff date. Furthermore, Defendants would be prejudiced by the Court finding that Plaintiff's deposition notice was timely. The defense has not retained an expert to rebut any testimony that Dr. Willis may provide that trauma is the cause of Plaintiff's dental damage.[5] Additionally, the dispositive motion deadline in this case was set for June 1, 2012, and defendants would not have been able to

---

[5] The parties disagree as to whether Dr. Willis is a retained expert and should have produced a report or a treating doctor. The Court will not reach this issue because of its finding that the deposition notice is untimely.

meet that deadline if forced to retain an expert to rebut Dr. Willis's expert testimony. Finally, there has been no showing of good cause to amend the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). For these reasons, the Motion to Quash Deposition Notice (Doc. 31) is **GRANTED,** and the proposed deposition is **ORDERED QUASHED.**[6]

### MOTION TO EXTEND THE DISCOVERY DEADLINE (Doc. 36)

On June 20, 2012, Plaintiff filed this motion to extend the discovery deadline for the purposes of obtaining the deposition of Dr. Willis. Plaintiff complains again that Defendants would not agree to schedule the deposition of Dr. Willis after the May 1, 2012, discovery cutoff. Plaintiff again alleges that defendants would not be prejudiced by this extension because Dr. Willis is a treating physician who was properly disclosed to them.

Defendants object to any extension of discovery deadline in the case pointing out that Dr. Willis has been deposed twice in this case and adopting its arguments as set out in its Motion to Quash Deposition (Doc. 31). For the reasons stated above, the Court agrees with Defendants. The Motion to Extend Discovery Deadline is therefore **DENIED**.

### MOTION TO QUASH SUBPOENA

On July 9, 2012, Defendants issued a subpoena duces tecum to Vonage America, Inc., seeking phone records. On July 16, 2012, Plaintiff filed a Motion to Quash the Subpoena (Doc. 39). Plaintiff objects to the subpoena because it was issued well after the discovery cutoff. Defendants respond first that Plaintiff does not have standing to object to the issuance of the subpoena to a third party. Second, Defendants argue that the subpoena is timely because it is a trial subpoena which may be issued after the close of discovery. Third, Defendants argue that

---

[6] The date for the deposition has passed and it is the Court's intention that no further deposition of Dr. Willis should go forward.

they are entitled to the information sought because Plaintiff obstructed their efforts to obtain it prior to the discovery cutoff. Alternatively, Defendants argue that the delay in subpoenaing the documents was reasonable and Plaintiff would not be prejudiced by the production of the documents.

"A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests," *U.S. v. Raineri,* 670 F.2d 702, 712 (7th Cir.1982) Here, Plaintiff complains that Defendants are violating the Court's order cutting off discovery on May 1, 2012. The Court finds Plaintiff has standing to seek enforcement of the order because he has an interest in the administration of the legal proceeding. *See The Hartz Mountain Corp. v. Channelle Pharmaceutical Veterinary Prods. Mfg. Ltd*, 235 F.R.D. 535, 536 (D. Me. 2006).

Next, the Court turns to whether the subpoena is appropriate as a trial subpoena, and whether Plaintiff obstructed Defendants' efforts prior to the discovery cutoff. As to issue of the purpose of the subpoena, the Court notes that the Plaintiff describes the subpoena as a deposition subpoena, and defendants describe it as a trial subpoena pursuant to Fed. R. Civ. P. 45. The Court examined the subpoena (a copy produced as Exhibit D to Defendants' Response in Opposition to Motion to Quash Subpoena (Doc.41)). The subpoena directs Vonage to produce the documents to offices of Becker, Paulson in Belleville, Illinois on July 27, 2012. It does not order the documents produced at trial or earlier in lieu of presence at trial. To that extent, the Court agrees with Plaintiff that this is a notice for a records deposition, not a subpoena for production of documents at trial. However, the Court will examine whether Defendants may reissue the subpoena as an appropriate trial subpoena.

Trial subpoenas may not be used as a means to engage in discovery after the discovery

5

deadline has expired. *Puritan Inv. Corp. v. ASLL Corp.,* 1997 WL 793569 at *1 (E.D. Pa. December 9, 1997); *BASF Corp. v. The Old World Trading Co.,* 1992 WL 24076, at *2 (N.D. Ill. February 4, 1992); *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 381 n. 13 (D. Md.1999) ("courts have not hesitated to quash subpoenas where they were used as a means to reopen discovery after the cut-off date"). Indeed, "when [a] party ... is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied. *McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 588 (W.D.N.Y. 1995). Moreover, the Court notes that whether or not to quash a subpoena is within the sound discretion of the trial court. *See Wollenburg v. Comtech Mfg. Co.*, 201 F.3d 973, 977 (7th Cir. 2000) (*citing U.S. v. Ashman*, 979 F.2d 469, 495 (7th Cir.1992)).

In the instant case, Defendants argue that a trial subpoena is appropriate in this case because a witness for the Plaintiff, Tiasha Higgins, the mother of Plaintiff's children and resident of the house where the incident took place, denied placing a 911 call reporting a domestic disturbance. Defendants were allegedly responding to a 911 call when the first encountered Plaintiff. Defendants state that on February 23, 2012, Plaintiff sent a subpoena to St. Clair County requesting documentation for any 911 calls made from Plaintiff's residence. Subsequently, Plaintiff informed Defendants that they did not receive any documents in response to that subpoena. Defendants did not rely on Plaintiff's representation, however, and requested directly from St. Clair County records of any 911 calls made from Plaintiff's residence.[7] Defendants state that after the close of discovery they received documentation from St. Clair

---

[7] The residence in question is 15 St. Lambert, Cahokia, Illinois.

County of a 911 call made from 15 St. Lambert in Cahokia, Illinois, from a phone registered to Tiasha Higgins. They now seek to subpoena Vonage regarding records relating to this phone and 911 calls. They argue that they were not, and could not have been, aware of this information prior to the close of discovery. The Court agrees. It is inconsistent for Plaintiff to argue that he will be prejudiced by the production of information he originally sought. The Court finds that defendants were not aware of this information prior to the close of discovery and therefore **GRANTS** leave for Defendants to reissue an appropriate trial subpoena to Vonage America, Inc. Specifically, this subpoena may seek:

> Any telephone records for the dates of September 10 and 11, 2009, for the address of 15 St. Lambert, Cahokia, Illinois, in the name of Tiasha Higgins, telephone number (618) 882-5506. This includes, but is not limited to, 911 calls, data indicating the place of call origination, and telephone numbers of origination.

Accordingly, for the reasons stated above, Plaintiff's Motion to Quash Subpoena (Doc. 39) is **GRANTED.** Defendants are **GRANTED LEAVE** to reissue a proper trial subpoena to Vonage.

## CONCLUSION

Therefore, for reasons stated above, Defendants' Motion to Quash Deposition Notice (Doc. 31) is **GRANTED.** Plaintiff's First Motion for Extension of Time to Complete Discovery (Doc. 36) is **DENIED**. Plaintiff's First Motion to Quash Deposition (Doc. 39) is **GRANTED**. Defendants are **GRANTED LEAVE** to reissue a trial subpoena to Vonage America, Inc.

**IT IS SO ORDERED.**

**DATED: July 30, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**